IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 12 |
| WESTERN SLOPES FARMS ) | |
| PARTNERSHIP, ) | Bankruptcy No. 17-00699 |
| ) | |
| Debtor. ) | |

**RULING ON MOTION TO QUASH NOTICE OF DEPOSITION DUCES TECUM**

This matter came before the Court at a telephonic hearing on January 31, 2018. Jeremy Saint and Daniel Hartnett appeared for The Security National Bank of Sioux City, Iowa, which is acting as the Personal Representative of the Estate of Roger E. Rand (the "Bank"). Donald Molstad appeared for Western Slopes Farms Partnership ("Debtor"). This is a core proceeding under 28 U.S.C. § 157(b)(2).

STATEMENT OF THE CASE

Debtor seeks discovery of documents pertaining to how much Debtor owes the Bank. The Bank moves to quash. The Bank argues that an earlier state court replevin action decided the amount of the debt such that issue preclusion applies. The Bank concludes that the Court should quash discovery on the amount of the debt. Debtor argues that the replevin action did not result in a money judgment and is not a final determination of the debt. The Court finds that issue preclusion does not apply because a determination of the amount of the debt over and above the value of the collateral was not necessary or essential to the judgment.

## BACKGROUND AND ARGUMENTS

Roger Rand made several loans to Debtor. Several security agreements secured these loans and gave Mr. Rand a security interest in Debtor's personal property along with the property of several others. Mr. Rand died on August 29, 2016. The Bank now represents his estate.

Debtor defaulted on its repayment obligation and the Bank sought to execute on its security interest. The Bank filed a Petition for Replevin (the "Replevin Action") on March 8, 2017 against Debtor and the others who owned or possessed the collateral. In its petition, the Bank sought the delivery of that collateral. Security Nat'l Bank of Sioux City, Iowa v. Welte, No. EQCV174667 (D. Iowa May 9, 2017) (Ruling on Request for Replevin). Debtor filed an answer and counterclaim. Defendants' Appearance, Answer and Counterclaim, Security Nat'l Bank of Sioux City, Iowa v. Welte, No. EQCV174667 (D. Iowa April 25, 2017). In its answer, Debtor alleged that it had already paid the amount owed to Mr. Rand and in fact overpaid Mr. Rand by approximately $2.5 million. Id. at 4–5. Its counterclaim sought return of these alleged overpayments from the Rand Estate.

Judge John Ackerman held a two-day trial in the Iowa District Court for Woodbury County on May 3 and 4, 2017. Judge Ackerman found that the debt owed to the Bank was $3,361,197.16. Security Nat'l Bank of Sioux City, Iowa v. Welte, No. EQCV174667 at 6 (D. Iowa May 9, 2017) (Ruling on Request for

2

Replevin) ("The Court finds that the outstanding balance owed to the estate is $3,361,197.16"). Evidence showed that the collateral was worth approximately $1,856,377. Id. at 2. Judge Ackerman specifically found that the value of the secured property in question did not exceed the amount owed and awarded immediate possession of the property to the Bank. Id. at 10. Judge Ackerman dismissed Debtor's counterclaim without prejudice. Id.

Debtor filed this Chapter 12 bankruptcy on June 8, 2017. On December 26, 2017, Debtor served a Notice of Deposition and Subpoena Duces Tecum on the Bank. It requested that the Bank produce various documents including a loan history and invoices. It requested compliance by December 29, 2017, three days after it served notice. On December 28, 2017, the Bank filed this Motion to Quash.

The Bank argues that Debtor seeks the documents in an attempt to dispute the amount Debtor owes to the Bank. The Bank argues that the state court Replevin Action already decided the amount of the debt. The Bank contends that issue preclusion now bars Debtor from relitigating this issue.

Debtor does not dispute that its subpoena seeks information to contest the amount of the debt. Debtor argues, however, that issue preclusion does not apply. Debtor argues that the state court ruled only on the Bank's rights in the particular property sought and did not issue a money judgment. Debtor argues that the parties did not actually litigate the debt amount. Debtor concludes that the findings

3

about the amount of the debt were not necessary and essential for the judgment and so the doctrine of issue preclusion does not apply.

The parties agree that this Motion to Quash is an appropriate vehicle for the Court to rule on whether issue preclusion applies and bars Debtor from litigating the amount of the debt.

## CONCLUSIONS OF LAW AND ANALYSIS

"[T]he doctrine of issue preclusion prevents parties to a prior action in which judgment has been entered from relitigating in a subsequent action issues raised and resolved in the previous action." Hunter v. City of Des Moines, 300 N.W.2d 121, 123 (Iowa 1981) (footnote omitted). "When the parties have previously litigated an issue in a state court, the Bankruptcy Court will apply the law of [issue preclusion] of the state." Durns v. Dawson (In re Dawson), 270 B.R. 729, 732 (Bankr. N.D. Iowa 2001) (citing Hobson Mould Works, Inc. v. Madsen (In re Madsen), 195 F.3d 988, 989 (8th Cir. 1999).

In Iowa, four elements must be met to invoke issue preclusion:

> (1) the issue concluded must be identical; (2) the issue must have been raised and litigated in the prior action; (3) the issue must have been material and relevant to the disposition of the prior action; and (4) the determination made of the issue in the prior action must have been necessary and essential to the resulting judgment.

Hunter, 300 N.W. 2d at 123.

4

The parties do not dispute that the issues are identical. Debtor seeks discovery to challenge the amount of the debt owed to the Bank. In the Replevin Action, Judge Ackerman specifically stated: "The Court finds that the outstanding balance owed to the estate is $3,361,197.16." Security Nat'l Bank of Sioux City, Iowa v. Welte, No. EQCV174667 at 6. This Court finds that the issue before the state court is identical to the one before this Court.

Debtor argues that the remaining elements for issue preclusion are not satisfied. The Court will consider each of the remaining elements.

### I.     The Issue was Raised and Litigated

To preclude Debtor from relitigating this issue the Court must find that it was raised and litigated in the state court. See Yuska v. Iowa Dep't of Revenue (In re Yuska), 553 B.R. 669, 681 (Bankr. N.D. Iowa 2016), aff'd, 567 B.R. 545 (B.A.P. 8th Cir. 2017). To find that an issue has been raised and litigated, "it must appear that the particular matter was considered and passed on in the former suit, or the adjudication will not operate as a bar to subsequent action." Cent. State Bank v. Guyer (In re Guyer), Bankr. No. 09–00336, Adv. No. 09-09057, 2010 WL 2103572, at *2 (Bankr. N.D. Iowa May 25, 2010) (internal quotation marks omitted) (quoting Lynch v. Lynch, 250 Iowa 407, 94 N.W.2d 105, 108 (1959)).

In the Replevin Action, the Bank presented testimony from Lawrence Delperdang, CPA for Mr. Rand. Transcript of Record at 89–169, Security Nat'l

Bank of Sioux City, Iowa v. Welte, No. EQCV174667. Mr. Delperdang testified at length about how much Debtor owed the Bank. Id. Debtor's attorney cross-examined Mr. Delperdang and specifically asked about payments made on the debt. Id. at 119–128, 157–162, 166–196. Debtor's attorney also called Frank Welte, who operates Debtor and also made payments, as a witness to testify about payments made by himself personally and Debtor on the debt. Id. at 170–188. Debtor had the opportunity to call other witnesses but did not do so. Id. at 202.

At the conclusion of the trial, Judge Ackerman addressed the amount of debt owed and specifically asked Debtor's attorney if he had any additional evidence to present on the issue. Id. at 228. Debtor's counsel indicated that he had no additional evidence on the issue. Judge Ackerman entered a written ruling finding Mr. Delperdang's testimony credible and, based on that testimony as well as exhibits in the record, determined that the balance Debtor owed to the Bank was $3,361,197.16. Security Nat'l Bank of Sioux City, Iowa v. Welte, No. EQCV174667 at 6. The Court finds that the amount of the debt was raised and litigated in the Replevin Action.

**II.    The Issue was Material and Relevant**

In Iowa, a plaintiff seeking replevin must allege "[t]he facts constituting the plaintiff's right to the present possession [of the claimed property], and the extent of the plaintiff's interest in the property, **whether it be full or qualified**

**ownership**." Iowa Code § 643.1(3) (emphasis added). A judgment in a replevin action "shall determine which party is entitled to the possession of the property, and shall designate the party's right therein. . . ." Iowa Code § 643.17.

A secured creditor's rights in the debtor's property is limited to the amount of its outstanding debt. See Iowa Code § 554.9615(4) ("If the security interest under which a disposition is made secures payment or performance of an obligation . . . the secured party shall account to and pay a debtor for any surplus"). All these Code sections, read together, required the state court to determine the Bank's rights in the collateral. To do so, the state court had to determine whether the debt owed to the Bank exceeded the collateral value. The amount of the debt owed by Debtor to the Bank was material and relevant to the Replevin Action.

### III. Determining the Issue was Necessary and Essential

The Iowa Supreme Court has said that the final element of issue preclusion—whether the issue in the previous action was "necessary and essential to the resulting judgment"—is "admittedly" "exceedingly vague." Comes v. Microsoft Corp., 709 N.W.2d 114, 118 (Iowa 2006). After reviewing the case law on this element, however, the Court concluded:

> These cases illustrate that we apply the necessary and essential requirement narrowly, and only preclude those facts vital or crucial to the previous judgment, or those properly characterized as ultimate facts without which the previous judgment would lack support.

Id. at 119–21.

Here, the Bank brought a replevin action. As a result, the state court had to decide, among other things, "whether the Bank was entitled to possession of the collateral." Delaney v. Cook, 720 N.W.2d 194 (Iowa Ct. App. 2006). As noted above, the Bank's entitlement to the collateral was limited to the amount of the debt secured by that property. Thus, it was not "vital or crucial" to determine the exact amount of the debt, only that it equaled or exceed the value of the collateral.

In the context of an Alford plea to theft in excess of $10,000, the Iowa Supreme Court has analyzed the issue as follows:

> Van Haaften's plea to first-degree theft only has preclusive effect as to the essential elements of the offense. This limitation is necessary to satisfy the elements of issue preclusion. Van Haaften argues the amount of her theft in excess of $10,000 is not an essential element of first-degree theft. The district court rejected the argument and awarded EMCC judgment for $66,749.21.
>
> First-degree theft is defined as the "theft of property exceeding ten thousand dollars in value." Theft is defined as "misappropriat[ion] [of] property . . . in the person's possession or control." First-degree theft thus consists of two essential elements: (1) the misappropriation of property and (2) the property value must exceed $10,000. Van Haaften is precluded from denying either of these allegations in this subrogation action. EMCC, however, is alleging Van Haaften misappropriated $57,759.21 from PCM.
>
> The specific amount by which her theft exceeds $10,000 is not an essential element of first-degree theft. Her plea is valid whether she misappropriated $10,000.01 or $57,759.21; therefore, she had no incentive in the criminal proceeding to contest the amount by which her theft exceeded $10,000.

8

> Our reasoning is consistent with the majority of courts considering the issue that have refused to preclude litigation of damages in excess of the threshold amount needed to establish the criminal offense.

Employers Mut. Cas. Co. v. Van Haaften, 815 N.W.2d 17, 28 (Iowa 2012) (citations and footnote omitted) (paragraph break added).

The Court follows this reasoning in this context and concludes that determining the amount of the debt was not necessary and essential to the replevin judgment. All that mattered was that the debt exceeded the value of the collateral. The specific amount by which the debt exceed the value of the collateral was not an essential element of the Replevin Action. Accordingly, issue preclusion does not apply to the amount of the debt over and above the value of the collateral.

Notably, Debtor previously argued that it made overpayments such that the Bank owed it money. In entering the judgment in the Replevin Action, however, the state court necessarily determined that Debtor owed the Bank a debt equal to or greater than the value of the collateral. This determination was essential to the judgment. Issue preclusion applies to this finding. Thus, Debtor may now argue about how much it owes the Bank—including argument that it owes the Bank nothing after deducting the value of the collateral—but may not argue that the Bank in fact owes it money.

## CONCLUSION

**WHEREFORE**, the Bank's Motion to Quash Notice of Deposition Duces Tecum is DENIED.

Dated and Entered: April 18, 2018

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE